UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
v. ) Case No. 08 CR 105
)
Marcus Moore ) Judge: John W. Darrah
)

08CR105

FILED
AUG 14 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF FILING

PLEASE TAKE NOTICE that on Aug., 11, 2008. I, Marcus Moore, defendant, have mailed a NOTIVE OF FILING and MOTION FOR MODIFICATION OF SENTENCING PURSUANT TO THE HOBBS ACT with a CERTIFICATE OF SERVICE to all parties involved, along with copies to the District Clerk's Office at 219 S. Dearborn St., Chicago, Il. 60604.

x  *Marcus Moore*
Date: 8/11/08

## CERTIFICATE OF SERVICE

I, Marcus Moore, Pro Se, Certify under penalty of perjury, that I served a copy of this notice and the attached pleading on the parties to whom it is directed by First Class Mail, Postage Prepaid.

x  *Marcus Moore*
Date: 8/11/08

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
                         )
        v.               )   Case No. 08 CR 105
                         )   Judge: John W. Darrah
Marcus Moore             )
                         )

MOTION FOR MODIFICATION IN SENTENCING CALCULATIONS PURSUANT
TO THE HOBBS ACT 18 U.S.C. 3231.



Now comes Defendant, Marcus Moore, Non-Attorney, Pro Se, Ad Hoc, in want of counsel, and in support of said motion submits the following:

1) That defendant, Marcus Moore, has Plead Guilty to Counts 1, 2, & 3 of the conviction in reference to case file of

2) That defendant, Marcus Moore, is now being held at the Metropolitan Correctional Center and has been incarcerated since February 28, 2008.

3) That defendant submits that pursuant to 18 U.S.C. 1331 (the HOBBS Act), the brandishing clause and the additional points for violence encurred by the defendants co-defendants is non-applicable to defewndants sentencing calculations. See U.S. V. Watkins, NO. 04-00119; U.S. V. Beverly, 369 F3d 516,537 (6th Cir. 2004).

4) That the 922(g)(1) charge of the Indictment has already been made and violent act of codefendants. U.S. V. Marks, 209 F3d 577,583 (6th Cir. 2000).

5) That the mace and violent acts of codefendants was not proven nor Mens Rea of these criminal acts clarified with testimony or evidence pertaining to defendants guilt in the part of the violence for enhancement purposes. U.S. V. Marks, 209 F3d 577,583; Salem V. Helm, 463 US 277, 290 n.16 (1983).

6) That the brandishing part of the Plea holds true for the codefendants only as proven by evidence and testimony of eyewitness, codefendants & victims. U.S. V. Olono, 507 US 725,731 (1993).

7) That violent contact with victim occured on Date of Aug 2, 2005 and only by codefendants, as testimony witness accounts show without one Iota of Evidence that shows Mens Rea or testimony of Mr. Moore's involvement in violence. See U.S. V. Lipsey, 62 F3d 1134.

8) That the HOBBS ACT was established in 1937 as an Amendment to the 1934 Act in response to the Supreme Court decision in the United States V. Local 807, 68.

9) That the brandishing part of the Plea establishes the facts that would be needed for a conviction of violation of the HOBBS ACT. See U.S. V. Holloway, 259 F3d 1199, Also See U.S. V. Lipsey, 62 F3d 1134.

10) That under the presentation which establishes the Brandishing Clause of the Plea Agreement as not only a HOBBS ACT violation but a Double Jeopardy Violation of the U.S. Constitution. See U.S.C.A. 5

Wherefore, defendant humbly requests this court to grant his MOTION FOR MODIFICATION IN SENTENCING CALCULATIONS PURSUANT TO THE HOBBS ACT.

x _Marcus Moore_
Date: 8/11/08