UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
AUG 14 2008 LCW
AUG 14 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 08 CR 105 |
| V. | ) | |
| | ) | Judge: John W. Darrah |
| MARCUS MOORE | ) | |
| | ) | |

MOTION FOR CONSIDERATION FOR THE YOUTH SENTENCING ACT,
PURSUANT TO 18 U.S.C. 5006(e), and 18 U.S.C. 4209, also 5010(d)
UNDER SECTION (b) and (c).

---

NOW COMES DEFENDANT, MARCUS MOORE, NON-ATTORNEY, PRO SE, AD HOC, IN WANT OF COUNSEL IN THESE MATTERS, AND SUBMITTS THIS MOTION FOR CONSIDERATION FOR THE YOUTH SENTENCING ACT, PURSUANT TO 18 USC 5006(e), 18 USC 4209, also 18 USC 5010(d) under section (b) and (e), in support of this motion submits as follows:

1. That defendant MARCUS MOORE fits the criteria of the youth sentencing act and request this court to consider him for the youth sentencing act, pursuant to 18 USC 5006(e), 18 USC 4209, SEE U.S. V. Cater 225 FSupp 566 (DC 1964), ALSO 509 F2d 1145

2. That defendant MARCUS MOORE was 22 years of age when the instant offense was committed, thus the basic consideration is a matter of record. SEE U.S. V. Ross 531 F2d 839.

3. That the proposed legislation also authorizes the court, in exceptional case of defendants between the ages of 22 and 26 years at time of conviction, to sentence under the provisions of the federal youth corrections act. At present the youth act may be applied only to convicted offenders under the age of 22, and the bill does not propose a general extension of this applicability. It contemplates that the youth act may be applicable to a offender in slightly older age group only when the court makes aspecial finding that the defendant would benefit by the treatment method prescribed by that act.
S. Rep, N02013 85th Cong, 2nd Sess US Code. And Admin News, 1958 pp. 3891, 3892 emphasis added. SEE 531 F2d 839.

At present the youth act may be applied only to convicted offenders under the age of 22,and the bill does not propose a general extension of this applicablity. It contemplates that the youth act may be applicable to aoffeder in slightly older age group only when the court makes aspecial finding that the defeant would benifit by the treatment method prescribed by that act.S.Rep,NO2013 85th Cong.; 2nd Sess2 UScode. and admin. news,1958 pp.3891 3892 emphasis added. see;531 fnd 839.

4. That further developing the congressional scheme,it is readily appararent that there is a direct contrast between youth offenders under the youth corrections act such as defendant hopkins and young adult offenders under 18 USC 4209, where congress, after specifically requiring consideration of the previous record of the,his social background ,capabilties, mental and physical health and the like,permitts the court to impose a sentence under the youth correction only if ... quite evidently congress intended to prefer treatment under the youth corrections act for youth ofenders,while it meant to permit such treatment only after affirmative findings in thecase ofyoung adult offenders. see;531fnd 839.

5.That defendant request that the sentencing be ran concurrent. see;GORE V. UNNITED STATES 357 US386  393 78 Sct 1280 2 Led2d 1405 1958 UNITTED STATES V. MACKEY 491 F2d 616,624(10cir.1973

6.That notice of this motion is in a timely fashion ,pusuant to B2261 95th General Assembly to establish the nessesary criterior for consideration of the youth act.see  UNITED STATES V. ROSS 531 f2d 839.

7. That in consideration of granting the Defendant the youth program the defendant submitts that this has issues that under clarification is clearly not defendants but codefendants specifically the unwarranted violation of brandishing and use of a weapon, defendants **Mens Rea** was clearly not proven. SEE U.S. V. Thorne 527 F2d 840, 174 US App D.C 87

8. That in the Supreme Court enunciated the standard by which the court are to make this determination. SEE Dorzinski V. U.S. 418 US 424, 94 Sct 3042, 21 Led 2d 855 1974.
   The court held that §5010(d) requires that before a sentencing Judge may incarcerate a youthful offender under an Adult Sentence, he must make a finding on the Record that the offender would not benefit from sentencing under subsections (b) and (c). This finding need not be occompanied by reasons, however, because is designed merely to ensure that the Sentencing Judge was aware of the Act and that the youth offender before him was eligiable the treatment it provided Id. At 422-43, 93 Sct 3042

Wherefore, the defendant humbly requests this court to grant the defendants MOTION FOR CONSIDERATION OF THE YOUTH ACT.

x _Marcus Moore_

x _8/11/08_